OPINION
Plaintiffs-appellants, Pamela J. Havens and Tom Havens, appeal from a judgment of the Franklin County Court of Common Pleas granting the summary judgment motion of defendant-appellee, State Farm Insurance Companies ("State Farm"). Plaintiffs assign a single error:
 THE TRIAL COURT ERRED IN SUSTAINING APPELLEE'S SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT BECAUSE THE OHIO SUPREME COURT'S DECISION IN WOLFE v. WOLFE REQUIRES A MINIMUM GUARANTEE POLICY PERIOD OF TWO [sic].
Because the trial court properly applied the Supreme Court's decision in Wolfe v. Wolfe (2000), 88 Ohio St.3d 246, we affirm.
According to the stipulations submitted to the trial court, on November 13, 1996, plaintiffs were insured under State Farm's policy No. 349 4739-D12-35G which provided underinsured motorist coverage of $100,000 per person and $300,000 per accident. On November 13, 1996, Pamela Havens (individually "plaintiff") was injured when a vehicle she was operating collided with a vehicle operated by Joshua W. Cox. Cox was insured under an Allstate Insurance Company ("Allstate") policy of insurance with liability limits of $25,000 per person and $50,000 per accident. Allstate paid plaintiffs the policy limits of $25,000. With the consent of State Farm, plaintiffs executed and delivered to Allstate and Cox a final release of all claims.
Out of the $25,000 paid to plaintiffs, Tom Havens received $24,990 on his loss of consortium claim, and plaintiff received $10. For purposes of this litigation, the parties agreed plaintiffs' damages exceed the amount received from the settlement with Allstate. The parties further stipulated that plaintiffs had submitted claims for underinsured motorist benefits under the policy State Farm issued to them, and in response State Farm tendered $75,000 in underinsured benefits.
Because plaintiffs sought further compensation, on October 5, 1998, they filed a declaratory judgment action, seeking that the court determine their rights under the policy State Farm issued to them and the underinsured coverage to which they were entitled. Following State Farm's answer to the complaint, plaintiffs filed a motion for summary judgment, arguing that the renewals of plaintiffs' insurance contract with State Farm were not new contracts, but continuations of the original policy period. Accordingly, plaintiffs contended that Savoie v. Grange Mut. Ins. Co. (1993), 67 Ohio St.3d 500, not Am.Sub.S.B. No. 20 ("S.B. 20"), applied in determining coverage under the policy.
State Farm responded with a memorandum contra plaintiffs' summary judgment motion, and a cross-motion for summary judgment. Following full briefing, the trial court granted partial summary judgment to plaintiffs, finding that the policy renewals under plaintiffs' policy with State Farm were continuations of the original policy rather than new and separate contracts. The court did not fully determine the summary judgment motions because it found an issue the parties had not addressed: whether an endorsement added to the policy substantially changed the policy and created a new contract into which the terms of S.B. 20 would have been incorporated. Finally, the trial court granted partial summary judgment to State Farm to the extent that, if S.B. 20 applied, State Farm had paid all it owed to plaintiffs under its policy with plaintiffs. Following the trial court's decision, the parties sought, and were granted, leave to file supplemental summary judgment motions.
After the trial court's original decision and before the parties' supplemental motions were filed, the Supreme Court decided Wolfe. Following the parties' briefing of the supplemental summary judgment motions, the trial court applied Wolfe and concluded S.B. 20 applied in determining plaintiffs' underinsured coverage under their policy with State Farm. Accordingly, the trial court granted summary judgment to State Farm and denied plaintiffs' summary judgment motion.
Plaintiffs appeal, asserting the trial court erred in concluding the contract State Farm originally issued on April 12, 1993, did not continue through and include the date of plaintiff's accident. In Ross v. Farmers Ins. Group (1998), 82 Ohio St.3d 281, the Supreme Court decided that the statutory law in effect at the time of contracting for insurance or renewing the policy defines the scope of underinsured motorist coverage. Within the parameters of that case, plaintiffs and defendant contest whether the provisions of R.C. 3937.18, enacted through S.B. 20, control the coverage issues presented here.
S.B. 20 became effective on October 20, 1994. The parties here agree that plaintiffs' policy originally was issued to plaintiffs on April 12, 1993. Every six months thereafter, the policy renewed for a new six-month term. The policy thus initially was issued before the effective date of S.B. 20, but was renewed after the effective date of S.B. 20 and before the date of the accident.
In Wolfe, the Supreme Court explained whether a policy is controlled by new statutory language enacted after the issuance of the original policy but before renewal of that policy. Specifically, it determined that: (1) under R.C. 3937.31(A), every automobile liability insurance policy, at a minimum, must have a guaranteed policy period during which the policy cannot be altered except by agreement of the parties and in accordance with law, (2) the commencement of each policy period required under R.C.3937.31(A) brings into existence a new contract of insurance, regardless of whether the policy is categorized as new or a renewal of an existing policy, and (3) a guarantee period required under R.C. 3937.31(A) is not limited solely to the first two years following the initial issuance of coverage. Id. at syllabus.
Here, the policy originally was issued for a two-year guarantee period beginning April 12, 1993. By the renewal on April 12, 1995, a new contract of automobile insurance was issued, even though the policy was called a renewal by State Farm. Wolfe, supra, paragraph two of the syllabus. Accordingly, the renewal, in actuality, is a new policy, incorporating the provisions of S.B. 20, enacted October 20, 1994, and rendered those provisions applicable to plaintiffs.
Plaintiffs nonetheless contend that although Wolfe required minimum guarantee periods of not less than two years, nothing in Wolfe precluded policy periods of more than two years. Noting the same policy number which continued throughout the renewals of plaintiffs' original policy, plaintiffs contend the original policy likewise continued beyond two years to include the time of plaintiff's accident. The facts here, however, are virtually identical to those presented in Smith v. State Farm Ins. Cos. (Oct. 26, 2000), Franklin App. No. 99AP-1131, unreported, where this court applied Wolfe and determined that the policy must be viewed as successive two-year policies.
Given Wolfe and Smith, the trial court did not err in concluding that S.B. 20 applies to the policy State Farm issued to plaintiffs. Because the parties agree that under S.B. 20 plaintiffs are entitled to no further compensation beyond the $75,000 State Farm tendered to them, the trial court properly granted State Farm summary judgment.
For the foregoing reasons, plaintiffs' single assignment of error is overruled and the judgment of the trial court is affirmed.
 ____________________ BRYANT, P.J.
TYACK and PETREE, JJ., concur.